# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

JESSICA HARDEN, KRISTIE PROWSE, )
and STACEY BLEVINS, )
                                       )
      Plaintiffs, )
                                         )
v.                                  )    Case No. 3:25-cv-00065-KAC-JEM
                                         )
SIMPLY ELITE IN HOME CARE, LLC, )
and KIMBERLY FRANKLIN, Individually )
                                         )
      Defendants. )

## ANSWER TO AMENDED COMPLAINT

Defendants Simply Elite in Home Care, LLC ("Simply Elite") and Kimberly Franklin ("Franklin") (collectively, hereinafter the "Defendants") respond to the Amended Complaint (Doc. 9) filed by Plaintiffs Jessica Hardin (spelled incorrectly as "Harden" in the Amended Complaint), Kristie Prowse, and Stacey Blevins, and states as follows:

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to state a cause of action or claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Defendants, responding to the numbered allegations of the Complaint, state:

1. This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. and Tennessee common law. Plaintiffs bring this claim individually and as part of a collective action pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendants admit Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"). Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

2. The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**ANSWER:** Defendants admit this Court has jurisdiction to hear Plaintiffs' claims. Defendants deny the remaining allegations in Paragraph 2 of the Amended Complaint.

3. Venue lies in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

**ANSWER:** Defendants admit venue is proper in the United States District Court for the Eastern District of Tennessee at Chattanooga. Defendants deny the remaining allegations in Paragraph 3 of the Amended Complaint.

4. Plaintiff Jessica Harden is a citizen and resident of Roane County, Tennessee. Ms. Harden was employed by Defendant and performed substantial work within this judicial district as part of her employment.

**ANSWER:** Defendants admit that Simply Elite employed Plaintiff Hardin and that she performed work within this judicial district. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 4 of the Amended Complaint and, therefore, deny the same.

5. Plaintiff Kristie Prowse is a citizen and resident of Cumberland County, Tennessee. Ms. Prose was employed by Defendant and performed substantial work within this judicial district as part of her employment.

**ANSWER:** Defendants admit that Simply Elite employed Plaintiff Prowse and that she performed work within this judicial district. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 5 of the Amended Complaint and, therefore, deny the same.

6. Plaintiff Stacey Blevins is a citizen and resident of Fentress County, Tennessee.

2

Ms. Blevins was employed by Defendant and performed substantial work within this judicial district as part of her employment.

**ANSWER:** Defendants admit that Simply Elite employed Plaintiff Blevins and that she performed work within this judicial district. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in Paragraph 6 of the Amended Complaint and, therefore, deny the same.

7. Defendant Simply Elite is a limited liability company registered with the Tennessee Secretary of State. It conducts significant business in the state and has its principal place of business at 123 N. College Street, Lebanon, Tennessee 37087.

**ANSWER:** Defendants admit the allegations in Paragraph 7 of the Amended Complaint.

8. Defendant Simply Elite is engaged in interstate commerce, is a commercial enterprise, and is a covered employer under the FLSA.

**ANSWER:** The allegations in Paragraph 8 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9. Defendant Kimberly Franklin is the principal and manager of Defendant Simply Elite. As it pertains to each Plaintiff and his or her employment, Defendant Kimberly Franklin dealt directly with each Plaintiff, was involved in the daily operations of Defendant Simply Elite as to each Plaintiff's work assignment, implemented the entity-Defendant's wage policies, and refuted multiple Plaintiffs' assertions that they were entitled to overtime compensation. Therefore, Defendant Kimberly Franklin is a covered employer under the FLSA.

**ANSWER:** Defendants admit that Ms. Franklin is employed by and is the principal of

3

Simply Elite. Defendants deny the remaining allegations in Paragraph 9 of the Amended Complaint.

**FACTUAL BASIS**

**Relationship with Clients**

10.     Defendant Simply Elite is an in-home care provider. Its business model consists of contracting with individuals who need in-home medical-related care (e.g., elder care, dementia care, care for chronic conditions, hospital discharge care, respite care, etc.) and providing those individuals with in-home caregivers.

**ANSWER:**     Defendants admit Simply Elite is an in-home care provider that contracts with individuals who need in-home care and then provides those individuals with in-home caregivers. Defendants deny the remaining allegations in Paragraph 10 of the Amended Complaint.

11.     A necessary and foundational component of Defendants' business model is to recruit and retain personnel to fill its clients' vacancies or personnel needs.

**ANSWER:**     Defendants admit Simply Elite recruits and retains personnel based on its needs. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12.     Per contracts with each client, the client (and/or the client's insurance company) reimburses Defendants a predetermined rate, plus certain expenses, for each hour Defendants' personnel work with the clients.

**ANSWER:**     Defendants admit Simply Elite is reimbursed for a predetermined rate. Defendants deny the remaining allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant Simply Elite advertises job openings on its website and through other media. Applicants then follow traditional application processes, including submitting their

4

résumés, being interviewed, etc.

**ANSWER:** Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

**Facts common to each Plaintiff**

14. Each Plaintiff does work or has worked for Defendants as an Area Supervisor.

**ANSWER:** Defendants admit each Plaintiff worked for Simply Elite at times as an Area Supervisor. Defendants deny the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Plaintiffs had no prior relationship with any of Defendants' clients.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 15 of the Amended Complaint and, therefore, deny the same.

16. All details about the jobs were made known to them by Defendants.

**ANSWER:** Defendants admit that Simply Elite advised Plaintiffs of significant aspects of their jobs. Defendants deny the remaining allegations in Paragraph 16 of the Amended Complaint.

17. Defendants established the workweek applicable to each of Plaintiff.

**ANSWER:** Defendants admit that Simply Elite established the workweek applicable to each Plaintiff. Defendants deny the remaining allegations in Paragraph 17 of the Amended Complaint.

18. Each Plaintiff's assignment's length was negotiated and set by Defendants. Plaintiffs were not free to adjust their work schedule without seeking Defendants' permission, leave the assignment without permission, or hire helpers.

5

**ANSWER:** Defendants admit that Simply Elite negotiated and set the length of Plaintiffs' assignments in clients' homes, that Plaintiffs were expected to give notice before adjusting or leaving these assignments, and that Plaintiffs were not to hire helpers. Defendants deny the remaining allegations in Paragraph 18 of the Amended Complaint.

19. Defendants scripted the timing, method, and manner in which they required Plaintiffs to submit their timesheets. In maintaining timesheets, Defendants instructed Plaintiffs not to report hours worked over forty in a given workweek.

**ANSWER:** Defendants admit Simply Elite directed Plaintiffs to submit timesheets. Defendants deny the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Defendants instructed that these timesheets were to be homogenous, meaning that the hours reported for each day were identical, regardless of the actual hours worked. For example, even if a Plaintiff worked from 7:47 a.m. until 5:10 p.m., Defendant instructed that her timesheet would reflect hours worked from 8:00 a.m. until 5:00 p.m. This was true regardless of the actual hours worked and was not part of any permissible rounding system.

**ANSWER:** Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21. Defendants set each Plaintiff's hourly pay rate. All wages (excluding reimbursable expenses) were calculated by multiplying the Plaintiff's hourly rate by the number of hours worked in a single workweek.

**ANSWER:** Defendants admit that Simply Elite set Plaintiffs' hourly rates and calculated the wages to be paid. Defendants deny the remaining allegations in Paragraph 21 of the Amended Complaint.

22. Defendants did not pay the Plaintiffs on a salary basis or a fee basis.

6

**ANSWER:** Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23. Given that the job assignment details were set by Defendants and based on the method Defendants used to calculate the Plaintiffs' compensation, Plaintiffs could not increase their profits through their own initiative (e.g., by assisting more or other clients).

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 23 of the Amended Complaint and, therefore, deny the same.

24. Plaintiffs' work schedules and job responsibilities did not allow for other gainful employment; Plaintiffs were wholly economically dependent on Defendants.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 24 of the Amended Complaint and, therefore, deny the same.

25. Plaintiffs did not market themselves or hold themselves out to the general public as available for hire. Instead, Plaintiffs' income flowed directly from Defendants' ability to market their business and attract paying clients.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 25 of the Amended Complaint and, therefore, deny the same.

26. Plaintiffs did not provide the equipment, supplies, or materials required to perform their jobs.

**ANSWER:** Defendants admit the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants required Plaintiffs to notify them of all absences, including sick days.

**ANSWER:** Defendants admit that Simply Elite expected Plaintiff to notify it of all absences, including sick days. Defendants deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28. Defendants prescribed the manner of Plaintiffs' dress, required them to conform to a code of conduct, an employee handbook, and an attendance policy.

**ANSWER:** Defendants admit that Simply Elite had an employee handbook and expected Plaintiff to meet basic expectations as to dress, code of conduct, and attendance. Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Defendants never paid overtime wages for any hour over forty Plaintiffs worked in a workweek.

**ANSWER:** Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

**Facts specific to Jessica Harden**

30. Ms. Harden is a former Area Supervisor for Defendants. She worked for Defendants continuously from May 2023 through May 2024.

**ANSWER:** Defendants admit that Simply Elite employed Ms. Hardin and that she worked at times as an Area Supervisor between May 2023 and May 2024. Defendants deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31. Defendants compensated Ms. Harden at a rate of $17.25 per hour.

**ANSWER:** Defendants admit that Simply Elite compensated Ms. Hardin at $17.25 per hour for some of her work. Defendants deny the remaining allegations in Paragraph 31 of the Amended Complaint.

8

32. Ms. Harden regularly worked between 60 and 90 hours per week.

**ANSWER:** Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33. Defendants refused to pay Ms. Harden overtime and did not permit her to report any hours worked beyond 40 hours in a given workweek.

**ANSWER:** Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34. Defendants instructed that Ms. Harden's timesheets were to be homogenous, meaning that the hours reported for each day were identical, regardless of the actual hours worked. For example, if she worked from 7:42 a.m. until 5:18 p.m., Defendant instructed that her timesheet would reflect hours worked from 8:00 a.m. until 5:00 p.m. This was true regardless of the actual hours worked and was not part of any permissible rounding system.

**ANSWER:** Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35. Additionally, Ms. Harden was made to perform some work as a home care provider when someone was needed to fill in for an absent home care provider. Ms. Harden was not paid at all for some hours worked in this capacity due to Defendant's practice of only paying home care providers for hours reimbursed by a given client's insurance, as opposed to hours actually worked.

**ANSWER:** Defendants admit Ms. Hardin sometimes performed work for Simply Elite as a home care provider. Defendants deny the remaining allegations in Paragraph 35 of the Amended Complaint.

**Facts specific to Kristie Prowse**

36. Ms. Prowse is a former Area Supervisor for Defendants. She worked for

9

Defendants continuously from January 2022 through September 2024.

**ANSWER:** Defendants admit that Simply Elite employed Ms. Prowse and that she worked at times as an Area Supervisor between January 2023 and September 2024. Defendants deny the remaining allegations in Paragraph 1 of the Amended Complaint.

37. Defendants compensated Ms. Prowse at a rate of $19.00 per hour.

**ANSWER:** Defendants admit that Simply Elite compensated Ms. Prowse at $19.00 per hour for some of her work. Defendants deny the remaining allegations in Paragraph 37 of the Amended Complaint.

38. Ms. Prowse regularly worked between 50 and 90 hours per week.

**ANSWER:** Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39. Defendants refused to pay Ms. Prowse overtime and did not permit her to report any hours worked beyond 40 hours in a given workweek.

**ANSWER:** Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40. Defendants instructed that Ms. Prowse's timesheets were to be homogenous, meaning that the hours reported for each day were identical, regardless of the actual hours worked. For example, if she worked from 7:42 a.m. until 5:18 p.m., Defendant instructed that his or her timesheet would reflect hours worked from 8:00 a.m. until 5:00 p.m. This was true regardless of the actual hours worked and was not part of any permissible rounding system.

**ANSWER:** Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

**Facts specific to Stacey Blevins**

41.     Ms. Blevins is a former Area Supervisor for Defendants.   She worked for Defendants continuously from May 2021 through May 2024.

**ANSWER:**   Defendants admit that Simply Elite employed Ms. Blevins and that she worked at times as an Area Supervisor between June 2022 and June 2024.  Defendants deny the remaining allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants compensated Ms. Blevins at a rate of $18 per hour.

**ANSWER:**   Defendants admit that Simply Elite compensated Ms. Blevins at $18 per hour for some of her work.  Defendants deny the remaining allegations in Paragraph 42 of the Amended Complaint.

43.     Ms. Blevins regularly worked over 70 hours per week.

**ANSWER:**   Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants refused to pay Ms. Blevins overtime and did not permit her to report any hours worked beyond 40 hours in a given workweek.

**ANSWER:**   Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants instructed that Ms. Blevins' time sheets were to be homogenous, meaning that the hours reported for each day were identical, regardless of the actual hours worked. For example, if she worked from 7:42 a.m. until 5:18 p.m., Defendant instructed that her timesheet would reflect hours worked from 8:00 a.m. until 5:00 p.m.  This was true regardless of the actual hours worked and was not part of any permissible rounding system.

**ANSWER:**   Defendants deny the allegations in Paragraph 45 of the Amended

11

Complaint.

46. Additionally, Ms. Blevins was made to perform some work as a home care provider when someone was needed to fill in for an absent home care provider. Ms. Blevins was not paid at all for some hours worked in this capacity due to Defendant's practice of only paying home care providers for hours reimbursed by a given client's insurance, as opposed to hours actually worked.

**ANSWER:** Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

## CAUSES OF ACTION

### Claim I – Fair Labor Standards Act: Failure to pay overtime

47. Plaintiffs incorporate by reference the paragraphs above.

**ANSWER:** Defendants incorporate their answers to Paragraphs 1-46 herein.

48. Pursuant to the FLSA, employers must compensate their employees for overtime work "at a rate not less than one and one-half times the regular rate at which the employee is actually employed" after the first forty hours of work. 29 C.F.R. § 778.107.

**ANSWER:** The allegations in Paragraph 48 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49. Defendants never paid Plaintiffs the overtime premium despite Defendants' knowledge or requirement that each of their home care providers worked substantially more than forty hours in a given week.

**ANSWER:** Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50. In an intentional, willful, and concerted effort to avoid the costs of overtime wages

12

and other mandated costs employers ordinarily absorb, Defendants used fraudulent accounting practices to manipulate Plaintiffs' working hours and obfuscate the payment of overtime.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51. Plaintiffs, when acting in the role of home care provider did not fall under the FLSA exception for companionship services because that exception is only available to individual families or households who employ such a caregiver – it does not apply to third party employers of direct care workers, such as home care staffing agencies like the Defendants.

**ANSWER:** The allegations in Paragraph 51 and the corresponding footnote constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

**Claim II – Fair Labor Standards Act: Failure to Keep and Maintain Accurate Records**

52. The FLSA places on employers the duty to maintain records showing employees' "[h]ours worked each workday and total hours worked each workweek," including timesheets. 29 U.S.C. § 211(c) (2021); 29 C.F.R. § 516.5(a) (2021); 29 C.F.R. § 516.2(7) (2021).

**ANSWER:** The allegations in Paragraph 52 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53. Failing to keep such records is an independent violation of the FLSA. 29 U.S.C. § 215(a)(2) and (5) (2021). *See also Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156 (10th Cir. 2018) (holding that plaintiff stated FLSA claim by alleging employer's failure to maintain records of hours worked). *But see Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 844-45 (6th Cir. 2002) (finding only Department of Labor has standing to pursue standalone

13

recordkeeping claim but private plaintiff may use violation as evidence in overtime claim).

**ANSWER:** The allegations in Paragraph 53 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54. There are two significant penalties flowing from a recordkeeping violation: First, the court may make a finding that the employer's violations were willful, which automatically triggers the three-year statute of limitations. *See, e.g., Elwell*, 276 F.3d at 844-45. Second and often critically, the violation lessens the employee's burden of proof as to the number of hours actually worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*.

**ANSWER:** The allegations in Paragraph 54 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55. In the absence of precise records, a court must accept the number of hours the employee proffers if supported by a "just and reasonable inference." *Anderson*, 328 U.S. at 687.

**ANSWER:** The allegations in Paragraph 55 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56. Homogenous time records – i.e., those reflecting identical work hours with no or few exceptions – are usually insufficient as a matter of law. 29 U.S.C. § 211(c) (2021); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946); *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 988-89 (W.D. Tenn. 2011). *See also U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 779 (6th Cir. 1995).

**ANSWER:** The allegations in Paragraph 56 constitute a legal conclusion to which no response is necessary. To the extent any response is required, Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57. Here, Defendants' timesheets fall precisely under the category of inadequate records described above. Defendants instructed that Ms. Prowse's, Ms. Harden's, and Ms. Blevins' timesheets were to be homogenous, meaning that the hours reported for each day were identical, regardless of the actual hours worked. For example, if she worked from 7:42 a.m. until 5:18 p.m., Defendant instructed that her timesheet would reflect hours worked from 8:00 a.m. until 5:00 p.m.

**ANSWER:** Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

**Claim III – Unjust Enrichment**

58. Plaintiffs conferred substantial benefits on Defendants by performing home care supervision services on Defendants' behalf for which Defendants knowingly and willfully withheld the overtime premium that the law required Defendants to pay, and withheld other monetary benefits, such as taxes and insurance benefits.

**ANSWER:** Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59. To keep Plaintiffs working under this illegal arrangement, the individual Defendants acting as agents of the entity Defendants, willfully made misleading statements and representations they knew to be false.

**ANSWER:** Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60. Defendants were keenly aware that Plaintiffs worked a substantial amount of

15

inadequately and illegally uncompensated hours.

**ANSWER:** Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.   Defendants made profits directly tied to the uncompensated work performed by Plaintiffs. Allowing Defendants to reap the benefit of their employees' labor without compensating them is manifestly unjust.

**ANSWER:** Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

### DAMAGES

62.   As a direct, proximate, and exclusive result of Defendants' willful violations of the FLSA and their unjust enrichment from Plaintiffs' under-compensated labor, Plaintiffs have experienced substantial monetary losses and damages, including lost wages, attorney fees, and costs.

**ANSWER:** Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

### PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to any of the relief sought herein, including any of the specific relief requested in paragraphs 63-71.

### THIRD DEFENSE

Plaintiffs' claims are barred to the extent they involve transactions or events or seek damages for periods outside the applicable statute of limitations.

### FOURTH DEFENSE

At all times during the relevant time period covered by the Complaint, Defendants acted in

good faith with respect to payment of wages to Plaintiffs.

FIFTH DEFENSE

To the extent Defendants failed to comply with any aspect of the FLSA, such conduct was neither willful nor intentional but rather occurred in good faith and was based on reasonable grounds for believing such conduct was not violative of the FLSA. As a result, Plaintiffs' claims for liquidated damages, in whole or in part, are barred.

SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Defendants' actions taken in connection with Plaintiffs' compensation were taken in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and/or unwritten administrative practices or enforcement policies of the U.S. Department of Labor, Wage and Hour Division.

SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of § 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, ass any acts or omissions by Defendants giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not violative of the FLSA.

EIGHTH DEFENSE

Plaintiffs cannot satisfy the requirements for maintenance of a collective action or class notice. Plaintiffs are not similarly situated to the individuals they seek to represent.

NINTH DEFENSE

Plaintiffs have not filed written consents to join a collective action.

17

<u>TENTH DEFENSE</u>

Certain of the interests of the alleged putative group Plaintiffs purport to represent are in conflict with the interests of all or certain subgroups of the members of the alleged putative group.

<u>ELEVENTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because any unpaid overtime hours are offset by Defendants' payment of compensatory time to Plaintiffs and paying Plaintiffs for hours they did not work.

<u>TWELFTH DEFENSE</u>

Defendants presently are without information as to the availability and applicability of any other affirmative defenses in addition to those pled above and expressly reserve the right to amend this Answer to plead any other affirmative defense or matter of avoidance required by the Federal Rules of Civil Procedure, which may be further revealed as discovery progresses.

WHEREFORE, Defendants request that the Complaint be dismissed, with costs, attorneys' fees, and such other relief as this Court deems appropriate issued in its favor.

Respectfully Submitted,

**MILLER & MARTIN PLLC**

/s/ Bradford G. Harvey
Bradford G. Harvey, BPR No. 17393
Jessica M. Wolinsky, BPR No. 039785
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402
Telephone (423) 756-6600
Facsimile (423) 785-8480
brad.harvey@millermartin.com
jessica.wolinsky@millermartin.com

*Attorneys for Defendants*

18

## CERTIFICATE OF SERVICE

I hereby certify that on **May 27, 2025,** a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

**MILLER & MARTIN PLLC**

By: _/s/ Bradford G. Harvey_

19